UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-3171 |
| | ) | |
| WEXFORD HEALTH SOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Taylorville Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he received inadequate care for pain and problems with his left big toe during his incarceration in Danville Correctional Center (from 2013 to September 2016) and Shawnee Correctional Center (from September 2016 to around the end of 2017). In 2013, Physician Assistant Fabienne Witherspoon diagnosed Plaintiff with gout and prescribed pain medicine and Allopurinol, a medicine used to treat gout. (2/6/13 medical record attached to Complaint, d/e 1-2, p. 2.) PA Witherspoon continued these medicines for another seven days after following up with Plaintiff. (2/6/13 medical record attached to Complaint, d/e 1-2, p. 2.) Plaintiff alleges that these treatments did not work and that he repeatedly returned to sick call, but unidentified nurses told him that there was nothing that could be done and did not record the interactions in Plaintiff's medical records. Plaintiff further alleges that Defendant Witherspoon did not run tests to confirm the gout diagnosis.

When Plaintiff transferred to Shawnee Correctional Center in 2016, unidentified nurses allegedly did not record Plaintiff's sick call requests regarding his toe and also told Plaintiff that no treatment would be given because the problem was cosmetic. When Plaintiff transferred to Taylorville Correctional Center, the doctor allegedly told Plaintiff he had toenail fungus, not gout, and that Plaintiff would have lost his toe to gangrene had he waited much longer. Plaintiff's big toenail has allegedly been removed several times. Plaintiff believes he now has a life-long problem that could have been prevented if he had received adequate care in Danville or Shawnee.

The Court first notes that Plaintiff's medical records from Taylorville reflect that Plaintiff had no swelling or redness in his toe but did have a cracked toenail with fungus. (medical records attached to Complaint, d/e 1-2, pp. 9-11.) The doctor diagnosed Plaintiff with an ingrown toenail and fungus. Id., d/e 1-2, p. 13. The doctor note from January 26, 2018, states that Plaintiff did not want antifungal medicine but instead asked to have the nail taken off. Id. 1-2, p. 14. The Court does not see anything in the medical records about gangrene or a risk of Plaintiff losing his toe.

The Court also notes that Plaintiff does not appear to have filed a timely grievance about his lack of care in Danville or Shawnee. Inmates must exhaust their prison administrative remedies before filing a federal lawsuit, 42 U.S.C. § 1997e(a), which means timely filing a grievance and pursuing all appeals. A prison grievance must be filed within 60 days after discovery of the problem. 20 Ill.Admin.Code 504.810(a). Plaintiff did not know of the alleged misdiagnosis until January 2018, but, by his own allegations, Plaintiff did know he had an unresolved problem with his big toe throughout his incarceration in Danville and Shawnee and his inability to obtain treatment in those prisons. The only grievances attached to the Complaint were filed in March 2018 and were denied as untimely. Additionally, regardless of the exhaustion question, Plaintiff's claims arising from his time in Danville may be barred by the two-year statute of limitations. <u>Bryant v. City of Chicago</u>, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

Further, Plaintiff's current allegations do not state a plausible claim against PA Witherspoon. Deliberate indifference to a serious

medical need violates an inmate's Eighth Amendment right, but deliberate indifference is more than making a mistake in diagnosis. "A doctor might be careless in not appreciating the need to investigate several possible explanations for a particular prisoner's symptoms, and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard." Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000). "[I]t is not enough to show that a reasonable doctor would have made the correct diagnosis and treatment." Id. The fact that PA Huffines diagnosed and treated Plaintiff for gout instead of fungus does not allow an inference of deliberate indifference. Further, the allegations do not allow an inference that PA Huffines knew that Plaintiff's condition remained unresolved or that unidentified nurses were denying Plaintiff care. The current allegations regarding unidentified nurses at Shawnee Correctional Center are also too conclusory and vague to state a plausible claim.

Lastly, Plaintiff states no claim against the Illinois Department of Corrections or Wexford Health Sources. Wexford can be liable only if a corporate policy or practice caused the alleged lack of care, and no inference of that arises on the present allegations.

Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917 (7th Cir. 2004)(corporate policy must be moving force behind constitutional violation).  Lastly, the IDOC cannot be sued for its employees' constitutional violations.  Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141 (7th Cir.1999) ("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983").

**IT IS ORDERED:**

1)   Plaintiff's complaint is dismissed without prejudice for the reasons stated above.

2)  Plaintiff may file an amended complaint by October 22, 2018.  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

3)  Plaintiff's motion for the Court to appoint counsel is denied (d/e 5), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own.  Pruitt v. Mote,

503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

ENTERED: 9/17/2018

FOR THE COURT:

<u>     s/Sue E. Myerscough     </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE